UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DARREN D. KING                          CIVIL ACTION NO. 13-cv-2737

VERSUS                                  JUDGE HICKS

TIM KIETH                               MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Darren Dwayne King ("Petitioner") was charged with armed robbery in Bossier Parish.  He eventually agreed to plead guilty to a reduced charge of first-degree robbery, in exchange for the prosecution dismissing other charges and agreeing not to charge Petitioner as a multiple offender.  Judge Ford Stinson imposed a 20-year sentence, which was affirmed on appeal.  State v. King, 996 So.2d 383 (La. App. 2d Cir. 2008).

Petitioner later filed a post-conviction application in the state court.  He eventually filed a federal habeas corpus petition with this court and asserted three claims: (1) breached plea agreement, (2) ineffective assistance of counsel, and (3) excessive sentence.  The undersigned initially recommended that the petition be dismissed as untimely.  Petitioner filed objections, and Judge Stagg referred the matter back for additional review.

The State was directed to file an answer, including a complete copy of the state court record.  The undersigned has reviewed the timeliness issue again and, even though the State does not raise it as a defense, it is a almost certain that the petition is untimely.  However,

Petitioner's explanations about his state court filings are not complete and consistent, and the State did not file a complete copy of the record as ordered.  For example, Petitioner's various writ applications to the state appellate court and Supreme Court of Louisiana are not included.  Given that the State has not raised the defense and has not filed a complete record, the court will address the claims on the merits.  For the reasons that follow, it is recommended that the petition be denied.

**Background Facts**

Petitioner and Amanda Riggio went to the home of Michael Fleury.  They used a knife to rob Mr. Fleury and take money and bank cards.  Fleury called 911 and described the robbers' vehicle.  Police soon stopped the robbers and arrested them.  The robbers were in possession of $1,660 in twenty dollar bills, along with two ATM cards that belonged to the victim, and a receipt for withdrawal of $800.  Mr. Fleury stated that Petitioner hit him in the back with a lamp and stabbed him above his hip during the robbery.

**Breached Plea Agreement**

Petitioner argued in his post-conviction application, as he does here, that he was offered a plea agreement in which the assistant district attorney led him to believe that he would receive a 10-year sentence.  The record includes copies of written plea offers.  Both note that the original charges are armed robbery (10 to 99 years sentence range), unauthorized use of access card, and others.  The offer from the ADA was for Petitioner to "PG to 1st degree robbery 3-40; no multi-bill.  Tr. 302, 314.  No other terms or provisions were included in these written offers.

Petitioner appeared with counsel before Judge Stinson to enter a plea of guilty to first-degree robbery.  The prosecutor stated that the other charges against Petitioner would be dismissed, no multiple offender bill would be filed, and a pre-sentence investigation would be prepared.  Defense counsel stated that he had discussed the matter with Petitioner "on several occasions," and Petitioner wanted to accept the plea offer.  Tr. 92.

Petitioner, who was age 45 and had a high school education and two years of college, stated that he had discussed the case with his lawyer (Guy Lillian) but was not satisfied with the job the lawyer had done.  In spite of that, he was ready to enter his plea of guilty.  The judge stated that the sentencing range was three to 40 years, and Petitioner said that he understood.  Tr. 94-95.  The judge asked if any promises had been made other than what was stated in court, and Petitioner said no.  But when the judge asked Petitioner if anyone had forced him to plead guilty, Petitioner said that defense counsel had because: "It was told I was going to get a certain sentence in me accepting this and - - I didn't do it - - ."  Tr. 97-98.

The judge responded, "I've never discussed with anybody about what sentence you are going to receive.  I thought you understood that from the start."  Petitioner said he did understand, and "I just will go ahead and accept what you give me, Your Honor."  The judge responded: "You understand that no one - - if anybody has promised you anything other than what's been stated in court, then I'm telling you right now that's not correct."  The judge then asked Petitioner if he was saying that he felt forced to plead guilty because he was told he would receive a certain sentence.  Petitioner answered yes, and the judge asked, "Do you understand what I'm telling you, that I have not agreed to that?"  Petitioner answered, "Yes,

sir."  The judge added, "So if you are pleading guilty under the impression that I'm going to give you a sentence that someone has told you, I'm telling you that's incorrect."  Petitioner answered, "Okay" and told the judge he understood.  The judge asked that, since "we've got that straight, is it still your intention to enter a plea of guilty to First Degree Robbery?"  Petitioner answered, "Yes, sir."  Tr. 98-100.  Petitioner listened to the factual basis, agreed that it was correct, and entered a plea of guilty to first degree robbery.  Tr. 101-02.

It appears that the only reasoned state court decision on the post-conviction application was issued by Judge Stinson, with the higher courts issuing summary denials. With respect to the claim of breached plea agreement, Judge Stinson referred to the transcript of the guilty plea, which he quoted at length.  He noted that Petitioner was put on notice that the court was not bound by any particular sentence, and this was repeated to Petitioner on the date of sentencing.  He found that Petitioner "knew and understood prior to his plea of guilty that the sentencing was to be determined by the Court," and the claim lacked merit.  Tr. 353-56.

The Supreme Court held in Santobello v. New York, 92 S.Ct. 495, 499 (1971) that "when a plea rests  in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled."  A habeas petitioner who claims a breach of a plea bargain bears the burden of proving (1) exactly what the terms of the alleged promises were, (2) exactly when, where, and by whom such a promise was made, and (3) the precise identity of any eyewitnesses to the promise.  Bonvillian v. Blackburn, 780 F.2d 1248, 1250-51 (5th Cir. 1986).

Petitioner sometimes poses his claim as a breached plea bargain by the prosecution, but at the hearing he said the promise came from defense counsel rather than the ADA. When a habeas petitioner claims that his counsel promised a sentence, the Fifth Circuit has required he establish that counsel clearly and unequivocally guaranteed a lesser sentence or some other specific leniency such as parole.  The petitioner must show (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise.  Bond v. Dretke, 384 F.3d 166 (5th Cir. 2004); Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002).

The state court denied this claim on the merits.  Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).  When a state court has denied a claim on the merits, the AEDPA bars habeas relief unless the prisoner shows that the state court "erred so transparently that no fairminded jurist could agree with that court's decision." Bobby v. Dixon, 132 S. Ct. 26, 27 (2011) (per curiam). When a state court's decision is based on findings of fact, those findings are presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. Section 2254(e)(1). The assessment is based on the record that was before the state court. Holland v. Jackson, 124 S.Ct. 2736 (2004).

Petitioner has not pointed to any evidence in the state court record to back his assertion that he was led to believe, by the prosecutor or defense counsel, that he would receive a mere 10-year sentence if he pleaded guilty.  The written plea offers in the record do not include any promise regarding sentence, and they merely state the sentencing range of three to 40 years.  The judge also made it abundantly clear at the guilty plea hearing that there were no conditions or promises regarding the sentence, even though Petitioner initially indicated that he believed there were.  Petitioner did not enter his plea until the judge had thoroughly advised him that there was no sentence provision that was part of his plea bargain.

The state courts rejected this claim on the merits during the post-conviction process.  There is no basis to determine that the factual findings underlying that rejection are incorrect or that the decision was an objectively unreasonable application of clearly established Supreme Court precedent.  This claim should be denied.

**Ineffective Assistance of Counsel**

Petitioner argues that counsel was ineffective because Petitioner advised him of witnesses to call and investigate, counsel "misadvised" Petitioner about his case, and counsel led Petitioner to believe he was doing his job although he provided poor representation.  These arguments are presented in the federal petition in a single sentence, with no additional facts to flesh them out.

Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel.  Counsel's performance was deficient

only if he made errors so serious that, when reviewed under an  objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment.   Strickland v. Washington,104 S.Ct. 2052, 2064 (1984).

To show prejudice in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).  The test for whether petitioner would have insisted on trial is an objective one and "[s]imply alleging prejudice will not suffice." Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995); Williams v. Smith, 888 F.2d 28 (5th Cir. 1989).

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007).  The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it.  The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).  See also Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system.).

Judge Stinson reviewed the applicable <u>Strickland</u> standard and found that Petitioner's claim had no merit.  He noted that Petitioner had not shown how his counsel's performance was deficient or in what way counsel's actions were prejudicial to Petitioner.  The claim seemed in part to be another argument of a breached agreement, but there was no showing of any agreement or breach.  Tr. 356-57.

Petitioner was caught red handed, and he faced a likely life sentence if convicted of armed robbery and was adjudicated a multiple offender (which is record supported).  There is, therefore, little reason to believe Petitioner would have insisted on going to trial if only his counsel had done a better job of investigating the case or interviewing witnesses.  The record fully supports the state court's decision.  There are no grounds to second guess the state court's decision under the doubly deferential review standard.

**Excessive Sentence**

Petitioner argues that his sentence was excessive because the judge did not do a survey in the area parishes to see how similarly situated inmates were sentenced for the same charges.  Petitioner suggests that most other defendants facing such charges received 10 or 15 years. He offers no documents, names, or other facts to back this claim.

Petitioner first pursued his excessive sentence claim on direct appeal.  The appellate court noted that Petitioner was classified as a third-felony offender but had six felony convictions on his record.  The 45-year-old had a criminal history dating back to 1982 with convictions that included sexual battery, bank fraud, and forgery.  He had a history of having his probation revoked, and he was on probation when he committed this crime.  He used a

knife to stab the victim.  He had seven children by five different mothers, and he admitted to being a cocaine addict for the past 17 years.

On the other hand, Petitioner successfully participated in drug and alcohol treatment sessions after his crime.  He stated at sentencing that he was sorry for his actions and wanted to make restitution.  The sentencing judge received a letter from the coordinator of a treatment series that Petitioner had attended while in jail.  Petitioner had perfect attendance and demonstrated a sincere desire to change.  The sentencing judge noted that the letter persuaded him to reduce by five years the sentence he originally intended.

The  state appellate court found that the 20 year sentence imposed was not out of proportion to the seriousness of the offense and did not shock the sense of justice. Accordingly, it did not run afoul of state sentencing statutes or Louisiana Constitution, Art. 1, § 20.  It appears that Petitioner bases his habeas claim on those state sentencing laws.  But there can be no relief on such a claim, because federal habeas corpus relief does not lie for mere errors of state law.  Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991).  Assuming Petitioner has exhausted and is presenting a claim under the Eighth Amendment, it faces an extremely difficult burden on the merits.

The Court in Lockyer v. Andrade, 123 S.Ct. 1166 (2003) reviewed its sentencing decisions and rejected a habeas attack on two consecutive terms of 25 years to life for a third-strike conviction. The petitioner had a string of burglary, drug, and property-crime convictions, capped by felony petty-theft after he stole approximately $150 worth of videotapes. The sentence did not permit habeas relief because it was not contrary to or an

unreasonable application of clearly established gross disproportionality principle set forth in Supreme Court holdings. The Court admitted that its precedents in the area were not clear, which makes it quite difficult to obtain habeas relief under the deferential Section 2254(d) standard.

A determination of whether a sentence is grossly disproportionate for a particular crime begins by comparing the gravity of the offense and the severity of the sentence. Graham v. Florida, 130 S.Ct. 2011, 2022 (2010). In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. Id.; McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.1992).

The sentence imposed in this case seems to be a proper fit for the crime that was committed.  The 20 years sentence falls midway in the three to 40 year sentencing range, and Petitioner deserved a stiff sentence given the violent nature of the crime and his awful criminal history.  There was no inference of gross disproportionality, so there was no need for a comparison of the sentence with that received by other offenders.  To the extent a federal claim was presented to the state courts, their rejection of the claim was not an objectively unreasonable application of any clearly established Supreme Court precedent regarding sentencing.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the

denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of July, 2016.

Mark L. Hornsby
U.S. Magistrate Judge